NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>247 HOTELS BEVERAGE, LLC, DBA Cambria Hotel Calabasas, a California limited liability company,<br><br>           Defendant-Appellee. | No. 22-55682<br><br>D.C. No. 2:22-cv-02941-MCS-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted July 18, 2023[**]

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Theresa Brooke appeals from the district court's judgment dismissing for

lack of standing her disability discrimination action alleging claims under the

Americans with Disabilities Act ("ADA") and California's Unruh Act.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008). We affirm.

The district court properly dismissed Brooke's ADA claim for lack of standing because Brooke failed to allege facts sufficient to establish that she planned to return to defendant's hotel. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (to establish Article III standing, an ADA plaintiff must show either an "inten[t] to return to a noncompliant accommodation" or that the noncompliant accommodation deterred the plaintiff from visiting and the plaintiff "plans to visit [the] noncompliant accommodation in the future"); *see also Civ. Rts. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1100 (9th Cir. 2017) ("[C]oncrete travel plans would be sufficient to show that a disabled plaintiff intends to visit a facility . . . ."). Although the district court did not notify Brooke of its intent to dismiss her ADA claim or provide her leave to amend her complaint, on appeal Brooke does not specify what additional facts she would have pleaded to establish standing.

The district court did not abuse its discretion in declining supplemental jurisdiction over Brooke's Unruh Act claim. *See* 28 U.S.C. § 1367(c)(4); *Vo v. Choi*, 49 F.4th 1167, 1171-73 (9th Cir. 2022) (setting forth standard of review and explaining when a district court may decline supplemental jurisdiction over Unruh Act claims under § 1367(c)(4)). Contrary to Brooke's contention, the clerk's entry

of default did not require the district court to exercise supplemental jurisdiction over her Unruh Act claim. *See id.* at 1168 (noting the district court declined supplemental jurisdiction after the clerk entered default).

**AFFIRMED.**